IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN EUGENE ADAMS, #149874 | * | |
| v. | * | CIVIL ACTION NO. DKC-14-792 |
| U.S. MARSHALS, *et al.* | * | |
| | ***** | |

**MEMORANDUM OPINION**

Petitioner Alvin Eugene Adams (hereinafter referred to as "Adams") was indicted in this court and convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. *See United States v. Adams*, Criminal No. L-03-095 (D. Md.). On January 31, 2005, judgment was entered sentencing Adams to 120 months in the U.S. Bureau of Prisons and a four-year term of supervised release. Adams's 28 U.S.C. § 2255 Motion to Vacate was dismissed as time-barred on September 26, 2008. *Id*. at ECF Nos. 50 & 51.

On January 10, 2007, Adams was indicted on one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Adams*, Criminal No. WDQ-07-015 (D. Md). He was convicted of the offense and sentenced to a total term of 84 months, with a three-year supervised release term. The sentence was to be served "currently" with the sentence imposed in Criminal No. L-03-095. Judgment was entered on March 31, 2008. No appeal was filed. On July 29, 2013, an arrest warrant was issued, based upon a supervised release violation petition. *See United States v. Adams*, Criminal No. WDQ-07-015 (D. Md.) at ECF No. 25. Petitioner is apparently in state custody on criminal charges that form the basis of the violation petition. The petition has been filed as a detainer.

On March 13, 2014, the court received for filing a writ of habeas corpus ad subjiciendum filed by Adams, who alleges violations of his Fourth and Fifth Amendment rights. In filing such a

writ, Adams apparently seeks to inquire into the lawfulness of the detainer. The writ was instituted as the above-captioned case and construed as a Petition for writ of habeas corpus under 28 U.S.C. § 2241.

Adams claims that he is a "natural born citizen" of the United States and a citizen of the State of Maryland. He claims that he is unlawfully detained as he was "purportedly seized unconstitutionally" in the aforementioned criminal cases and has "just discovered that the term 'person' used in the statutes is defined as a legal entity, which does not bring [him] within the scope of both statutes that was passed by Congress." (ECF No. 1). Adams seemingly alleges that there was not a "valid lawfully arrest warrant" to seize him in 2003. He claims that he was advised to plead guilty and that it took him "five years to learn the law and to discover the injury by the U.S. Marshals." (*Id*. at pgs. 3-4).

Generally, a § 2241 motion is used to attack only the execution of the sentence. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The court does recognize exceptions to this framework.[1] When § 2255 is deemed to be "inadequate or ineffective to test the legality of ... detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241. *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255). However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Id.* Moreover, " § 2255 is not rendered inadequate or ineffective merely ... because an individual is procedurally barred from filing a § 2255 motion." *In re Vial,* 115 F.3d at 1194 n. 5.

---

[1] 28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

Accordingly, § 2255 is not rendered inadequate as to Petitioner on the basis that he failed to obtain relief through a previously filed § 2255 motion and may be precluded from raising his grounds again in a successive or untimely § 2255 motion.

As noted, Adams filed a previous § 2255 motion which was dismissed on the merits[2] by this court in *United States v. Adams*, Criminal No. L-03-095 (D. Md.). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Adams has provided no evidence that he has secured this necessary authorization from the Fourth Circuit; therefore this court is without jurisdiction to consider the merits of a successive motion under § 2255. *See In re Vial,* 115 F.3d at 1194–95. A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Fourth Circuit must first enter

---

[2] A dismissal as time-barred is considered an adjudication on the merits for purposes of the gatekeeping rules on second or successive 2255 motions. *See Villaneuva v. United States*, 346 F. 3d 55, 61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *see also In re Rains* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam).

an order authorizing this court to consider the successive filing before this court can examine the merit of his claims.[3] *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996).

Nor may Adams rely on the savings clause provision of § 2255(e). Merely because this court has previously denied him relief or would otherwise find the case time-barred[4] does not render the 2255 remedy inadequate. Section 2255 will not be viewed as inadequate or ineffective merely because § 2255 has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed. *See United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). Indeed, it appears, that the Fourth Circuit has not recognized an entitlement to habeas corpus relief when an inmate challenges his sentence contending that the remedy under § 2255 is inadequate or ineffective. *See United States v. Poole,* 531 F.3d 263, 267 n. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [§ 2255(e)] savings clause to those petitioners challenging

---

[3] The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are inclusive. The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should Smith wish to seek authorization in the appellate court to file a successive § 2255 petition. It is to be emphasized that Smith must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

[4] Insofar as Adams now challenges his 2008 firearm conviction, the one-year statute of limitations likely would preclude him from seeking § 2255 relief. The one-year limitation period under § 2255 may be subject to equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 290 F.3d at 330. Adams is only entitled to equitable tolling if he presents extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time. *Rouse*, 339 F.3d at 246. Although Adams states it took him five years to familiarize himself with the law, ignorance of the law is no excuse to warrant equitable tolling of the limitations period. A Petitioner's *pro se* status, ignorance of the law, or lack of legal representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714-716 (5th Cir. 1999); *Shoemate v. Norris,* 390 F.3d 595, 598 (8th Cir. 2004); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

only their sentences. *See In re Jones,* 226 F.3d 228, 333–34 (4th Cir. 2000) (outlining the circumstances in which "§ 2255 is inadequate or ineffective to test the legality of a *conviction*") (emphasis added). "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." *Boynes v. Berkebile,* 2012 WL 1569563 at *6 (S.D. W.Va.). The fact that relief under § 2255 is barred procedurally or under the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. *In re Jones,* 226 F.3d at 332; *see also In Re Vial,* 115 F.3d at 1194 n. 5 (that a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy.

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Adams has not made the required showing and the Court declines to issue a Certificate of Appealability. A separate order follows dismissing and closing the civil case.


Date: March 25, 2014 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge